IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **JERRY POWELL** § | |
| **Plaintiff,** § | |
| § | |
| **V.** § | **CIVIL ACTION NO. 2:17-CV-_____** |
| § | |
| **IQBAL SINGH, and GURU** § | |
| **TRANSPORT** § | |
| **Defendants.** § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES** JERRY POWELL, hereinafter called Plaintiff, complaining of and about IQBAL SINGH, GURU TRANSPORT and JOT TRUCKLINE, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

    1.    Plaintiff, JERRY POWELL, is an Individual whose resides in Jefferson, Marion County, Texas.

    2.    Defendant IQBAL SINGH, an Individual who is a nonresident of Texas, may be served with process at his home at the following address: 1171 Rue Montgolfier Laval, CD X7W 5B7. Service of said Defendant as described above will be accomplished by private process server.

    3.    Defendant GURU TRANSPORT, a Canadian Company, will be served under the Hague Convention on the appropriate Canadian Federal Central Authority.

### JURISDICTION AND VENUE

    4.    The subject matter in controversy is within the jurisdictional limits of this court.

    5.    This court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) as there

is diversity of citizenship among the parties, in that the Defendants are now and were at the time the action was commenced diverse in citizenship from the Plaintiff.  Furthermore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

6. Venue in this Court is proper under 28 U.S.C. §1391 (b)(2) & (c)(3) as Defendants have purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

## FACTS

8. On or about November 7, 2016 Plaintiff was traveling northbound on FM 2199 in Harrison County, and Defendant Singh was exiting the interstate traveling eastbound.  Defendant approached the intersection of FM 2199, failed to yield right of way at the stop sign, and pulled into the path of Plaintiff, causing Defendant's right back quarter to collide with the Plaintiff's left front quarter. Defendant came to a rest on the off-ramp facing east and Plaintiff came to rest on 2199 facing northeast.

## PLAINTIFF'S CLAIM OF
## NEGLIGENCE AGAINST IQBAL SINGH

9. Defendant IQBAL SINGH had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

10. Plaintiff's injuries were proximately caused by Defendant IQBAL SINGH's

negligent, careless and reckless disregard of said duty.

11. The negligent, careless and reckless disregard of duty of Defendant IQBAL SINGH consisted of, but is not limited to, the following acts and omissions:

    A.    In that Defendant IQBAL SINGH failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B.    In that Defendant IQBAL SINGH failed to turn his motor vehicle in an effort to avoid the collision complained of;

    C.    In that Defendant IQBAL SINGH failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

    D.    In that Defendant IQBAL SINGH failed to stop, yield, and grant immediate use of the intersection to Plaintiff's motor vehicle after it had entered the intersection to conform to the Official Traffic-Control Device - i.e. a stop sign erected by public authority;

    E.    In that Defendant IQBAL SINGH failed to stop, yield, and grant immediate use of the intersection to conform to the Official Traffic-Control Device - i.e. a stop sign erected by public authority; and

    F.    In that Defendant IQBAL SINGH failed to enter into the intersection only when he could have safely entered without interference or collision with other traffic, and specifically, with Plaintiff's motor vehicle.

### **PLAINTIFF'S CLAIM OF NEGLIGENCE PER SE AGAINST IQBAL SINGH**

12. Defendant IQBAL SINGH's conduct described herein constitutes an unexcused breach of duty imposed by the State of Texas.

13. Plaintiff is member of the class that the State of Texas was designed to protect.

14. Defendant IQBAL SINGH's unexcused breach of the duty imposed by the State of Texas proximately caused the Plaintiff's injuries described herein.


## PLAINTIFF'S CLAIM OF
## RESPONDEAT SUPERIOR AGAINST GURU TRANSPORT

15. At the time of the occurrence of the act in question and immediately prior thereto, IQBAL SINGH was within the course and scope of employment for Defendant GURU TRANSPORT.

16. At the time of the occurrence of the act in question and immediately prior thereto, IQBAL SINGH was engaged in the furtherance of Defendant GURU TRANSPORT's business.

17. At the time of the occurrence of the act in question and immediately prior thereto, IQBAL SINGH was engaged in accomplishing a task for which IQBAL SINGH was employed.

18. Plaintiff invokes the doctrine of Respondeat Superior as against Defendant GURU TRANSPORT.

## PLAINTIFF'S CLAIM OF
## NEGLIGENT ENTRUSTMENT AGAINST GURU TRANSPORT

19. On or about November 7, 2016, Defendant GURU TRANSPORT was the owner of the vehicle operated by IQBAL SINGH.

20. Defendant GURU TRANSPORT entrusted the vehicle to IQBAL SINGH, an unlicensed, reckless, and incompetent driver.

21. Defendant GURU TRANSPORT knew, or through the exercise of reasonable care should have known, that IQBAL SINGH was an unlicensed, reckless, and incompetent driver.

22. As described herein, IQBAL SINGH was negligent on the occasion in question.

23. IQBAL SINGH's negligence was the proximate cause of Plaintiff's damages.

## DAMAGES FOR PLAINTIFF, JERRY POWELL

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, JERRY POWELL was caused to suffer shoulder pain, neck pain, back pain, complete

full-thickness tear of Supraspinatus tendon of right shoulder, Interstitial tear of Infraspinatus tendon, long tendon and Bicipital Tendinosis, AC joint degenerative changes causing Supraspinatus/Infraspinatus Impingement, and to incur the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, JERRY POWELL for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harrison County, Texas;

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past;

- D. Physical pain and suffering in the future;

- E. Physical impairment in the past;

- F. Physical impairment which, in all reasonable probability, will be suffered in the future;

- G. Mental anguish in the past and future;

- H. Loss of earnings in the past; and

- I. Loss of earning capacity which will, in all probability, be incurred in the future.

- J. Property damage, including loss of use and diminution in value.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, JERRY POWELL, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further

relief to which the Plaintiff may be entitled at law or in equity.

             Respectfully submitted,

          By: *Josh B. Maness*

            Josh B. Maness
            Texas Bar No. 24046340
            Email:  josh@joshmaness.com
            480 W. Texas Avenue
            Waskom, Texas 75692
            Tel. (903) 407-8455
            Fax (877) 320-5751
            Attorney for Plaintiff